**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL ANDERSON, : <br> JOEL PACHECO, by his parents and guardians, <br> ANA   and EMILIO PACHECO, and        : <br> VISION FOR EQUALITY, a non-profit       : <br> corporation,                                      : <br>                                                         : <br>            Plaintiffs,                          : <br> v.                                                     :    Case No. <br>                                                         : <br> THE FRANKLIN INSTITUE,              : <br>                                                         : <br>            Defendant.                        : | |

**COMPLAINT**

**I.     Introduction**

1.  Plaintiffs Michael Anderson and Joel Pacheco are low-income, disabled persons. They require and receive personal assistance services, 24 hours a day, to assist them with all of their daily living activities. They receive such services through the Medicaid program in Pennsylvania.  They have been approved for personal assistance services by the Pennsylvania Department of Public Welfare.  Plaintiff Vision for Equality provides support, information and referral services to people with intellectual and other developmental disabilities who require and receive personal assistance services from the Pennsylvania Department of Public Welfare's Medicaid program.

2.  Plaintiffs require personal assistance services to attend and enjoy the activities and programs at Defendant The Franklin Institute. Without their personal assistance services, neither Plaintiff Anderson or Plaintiff Pacheco nor Vision for Equality's intellectually and

1

developmentally disabled members can attend or participate in the activities at The Franklin Institute. Without their personal attendants, Plaintiffs cannot receive the benefits of Defendant's facilities, programs and services equal to the opportunities afforded nondisabled people.

3. Plaintiffs pay Defendant's admission fee, the same as nondisabled individuals.

4. However, Defendant requires that the Plaintiffs and other people who require personal assistance services pay a separate admission surcharge for their personal attendants, even though their attendants are only assisting the Plaintiffs who could not enjoy the benefits of Defendant's facilities without their attendants.

5. Requiring a separate admission surcharge for personal attendants discriminates against them in violation of Title III of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. §§12181-12189, and their implementing regulation, 28 C.F.R. Part 36.

6. Plaintiffs seek declaratory and injunctive relief against the Defendant to redress discrimination on the basis of disability.

## II.  Jurisdiction and Venue

7. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 12188(a) and 28 U.S.C. § 1331 and 1345. This Court may grant declaratory and other relief pursuant to 42 U.S.C. § 12188(a) and 28 U.S.C. §§ 2201 and 2202.

8. Venue lies in this District pursuant to 28 USC § 1391, because the claims arose in the Eastern District of Pennsylvania.

9. This Court has jurisdiction over Defendant because Defendant is located within this District.

### III.     Parties

10. Plaintiff Michael Anderson is a 31 year old man who was born with cerebral palsy. He uses a power wheelchair for ambulation and requires personal assistance services 24 hours a day for all of his daily living activities. He requires personal assistance services so he can participate in and enjoy the Defendant's services and programs.

11. Plaintiff Joel Pacheco is a 24 year old man who was born with cerebral palsy and intellectual and developmental disabilities. Ana and Emilio Pacheco are the parents of and legal guardian for Joel Pacheco. Plaintiff Joel Pacheco requires personal assistance services 24 hours a day for all of his daily living activities. He requires personal assistance services so he can participate in and enjoy the Defendant's services and programs.

12. Plaintiff Vision for Equality, Inc., is a Pennsylvania non-profit corporation with offices in Philadelphia, Pennsylvania. Vision for Equality provides training, outreach, support, and information and referral services to individuals with intellectual and developmental disabilities and their families, including working with aging parents whose adult children have intellectual and developmental disabilities. Vision for Equality engages in systemic advocacy to expand access to necessary community services and activities for individuals with intellectual and developmental disabilities so these individuals can participate and enjoy Defendant's services and programs.

13. Vision for Equality and its client-constituents and its members have a substantial, direct, and immediate injury in the issues raised in this action. It provides assistance to individuals with intellectual and developmental disabilities and their families who do not have access to community-based activities and programs due to the added costs of

admission to Defendant's facility of personal attendants. Many, if not all, of its members and client-constituents do not have necessary intellectual abilities to attend and participate in Defendant's programs and activities equal to nondisabled persons without their personal assistance services.  Without their personal attendants, Vision's members and client-constituents are unable to participate in the community to the maximum extent possible, including visiting and enjoying the programs, events and activities at The Franklin Institute.

14. The Franklin Institute is a non-profit Pennsylvania corporation located in Philadelphia, Pennsylvania. It is a museum which is operated as a place of public accommodation under the meaning of the ADA.  42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104.

### IV.    Factual Allegations

#### A.  Michael Anderson

15. Michael Anderson is a 31 year old man with physical impairments that substantially limit one or more of his major life activities, including but not limited to eating, mobility, toileting, bathing, dressing, and transferring. Mr. Anderson has very limited manual dexterity.  The only activity he can do with his hands is to drive his power wheelchair that he uses for ambulation.

16. Mr. Anderson is an individual with a disability under the meaning of the ADA.  42 U.S.C. § 12102, 28 C.F.R. § 36.104.  He is otherwise qualified to receive the benefits and services from The Franklin Institute.

17. Plaintiff Anderson has cerebral palsy and a spatial learning impairment.

18. He has a personal attendant 24 hours a day, seven days a week.  His personal attendants are paid from the Pennsylvania Department of Welfare's Medicaid program to

accompany and assist Plaintiff Anderson with all of his activities of daily living. He receives his personal assistance services and has been approved for his personal assistance services 24 hours a day by the Pennsylvania Department of Public Welfare.

19. Mr. Anderson's personal attendants provide him support with all of his activities of daily living, including mobility, dressing, transferring, shifting weight, toileting, and eating.

20. Mr. Anderson has very little control over his body. He cannot shift his body position and cannot do any weight changes without his personal attendant's assistance. He has high spasticity that he cannot control. His personal attendants adjust the wheelchair and pull him upright to avoid decubitus ulcers. If Mr. Anderson slides too far forward in his wheelchair or is leaning too far back in his wheelchair, the personal attendants must lift him under his arms so he can sit properly in the wheelchair and can therefore use the wheelchair's joystick for direction. Mr. Anderson requires readjustment in his wheelchair about two times in every two hours. If Mr. Anderson's head falls to one-side, the personal attendants must straighten his head.

21. Mr. Anderson lives in Merion Station, Pennsylvania with two other individuals who are also individuals with disabilities.

22. Plaintiff Anderson attended Edinboro University, a part of the Pennsylvania state system of higher education, from which he received an Associate Degree in 2007.

23. Mr. Anderson with the assistance of his personal attendants is very involved in politics. He has been a team leader and responsible for recruiting volunteers and doing door-to-door activities and phone banks. He has also volunteered at the national convention. Plaintiff Anderson has kept statistics for the 76ers and has written articles for the 76ers paper.

24. Mr. Anderson regularly attends with his personal attendants numerous activities, including but not limited to going to the Art Museum, movies, bowling, shopping at Malls, and eating and drinking in restaurants.

25. Plaintiff Anderson has visited The Franklin Institute on numerous occasions, including but not limited to having a birthday party there when he was much younger and going with his parents.

26. Plaintiff Anderson pays for his own admission to The Franklin Institute, but has been required to pay for the attendant, who must accompany him and whose only purpose of attending The Franklin Institute is to provide personal assistance services for Mr. Anderson, including manually manipulating various devices, reading the signs on exhibits (he has a visual tracking disability that makes it difficult for him to read a multi-line text), assisting with his toileting needs, readjusting his sitting in his wheelchair, and eating and drinking in the dining area.

27. Without his personal attendant, Plaintiff Anderson cannot attend The Franklin Institute and cannot receive the same benefits from The Franklin Institute as nondisabled individuals.

28. In order for Plaintiff Anderson to gain admission and to use the various activities in The Franklin Institute, he must pay for his own admission and must pay a separate admission fee for his attendant.

### B. Joel Pacheco

29. Joel Pacheco is a 24 year old man with physical and developmental impairments that substantially limit one or more of his major life activities, including but not limited to eating, toileting, mobility, bathing, dressing, and transferring.

30. Mr. Pacheco is an individual with a disability under the meaning of the ADA. 42 U.S.C. §12102, 28 C.F.R. § 36.104. He is otherwise qualified to receive the benefits and services from The Franklin Institute.

31. Mr. Pacheco has cerebral palsy, is intellectually and developmentally disabled, and is nonverbal. Mr. Pacheco has minimal manual dexterity and uses a wheelchair for ambulation.

32. He can push his wheelchair for short-distances, but requires assistance for longer distances.

33. Plaintiff Pacheco has personal attendants seven days a week. His personal attendants are paid from the Pennsylvania Department of Welfare's Medicaid program to accompany and assist Plaintiff Pacheco with all of his activities of daily living.

34. He receives his personal assistance services and has been approved for his personal assistance services for 14 hours a day, five days a week, and 12 hours a day on the weekends by the Pennsylvania Department of Public Welfare. He resides with his parents who provide personal assistance services for the remaining hours each day.

35. Mr. Pacheco's parents Emilio and Ana Pacheco work full-time.

36. Mr. Pacheco's personal attendants provide support with all of his activities of daily living, including dressing, transferring, mobility, shifting weight, and toileting. He uses a feeding tube for eating that the personal attendants assist with.

37. Plaintiff Pacheco attended public schools until he was 21 years old. He received a high school diploma from Northeast High School, which he attended for 7 years. He was mainstreamed in music, gym, and attended auditorium programs in his senior year. He learned to bowl which he did with nondisabled students. The School District provided

him with one to one attendant services, which enabled him to participate in many school activities, including participating in graduation exercise with his attendant pushing his wheelchair.

38. Mr. Pacheco with his personal attendant takes public transportation, including the Frankford elevated trains.  With his personal attendant, he goes to WalMart, supermarkets, Dave and Busters, movies, the Mint, Liberty Bell, concerts at Penn's Landing, the Gallery, Franklin Mills and Nashaminy Mall.  With two personal attendants, he swims at the Salvation Army's pool.  He has vacationed in Hershey Park and likes the casinos in Atlantic City as well as Longwood Gardens.  Plaintiff Pacheco with his personal attendant goes out at least six times a week.

39.  He has been to The Franklin Institute and likes both the interactive and moving exhibits. He was a member at The Franklin Institute for several years but had to pay for two people, himself and a guest.  When he recently renewed his membership in April, 2013, because of the difference in price, Plaintiff Pacheco renewed it only for himself.

40. In order for Plaintiff Pacheco to gain admission, to use his membership, and to use the various activities in The Franklin Institute, he must pay for his own admission and must pay a separate admission fee for his attendant.

      C.  **Vision for Equality**

41. Vision for Equality ("Vision") is a non-profit Pennsylvania corporation located in Philadelphia and formed in 1996 to support and to provide services and training for individuals with intellectual and developmental disabilities and their families.

42. Plaintiff Vision is funded primarily from the Pennsylvania Department of Welfare through the Philadelphia County.  Vision's purpose is to provide equal access to supports

and services for people with intellectual and developmental disabilities so they can participate in community activities and so they are not discriminated against.

43. Vision provides training and technical assistance for people with disabilities. Vision also advocates to improve and sustain the quality of services, including personal assistance services, for all individuals with intellectual and developmental disabilities.

44. Many of the individuals with intellectual and developmental disabilities for whom Plaintiff Vision provides supports, services and training require personal attendants to benefit from community programs and activities equally with nondisabled persons, including using the facilities of The Franklin Institute.

## V. Causes of Action

**Count I** - Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181-12189 – Equal Opportunity

45. The allegations of the preceding paragraphs are hereby re-alleged and incorporated by reference as if fully stated herein.

46. Defendant The Franklin Institute discriminates against Mr. Anderson, Mr. Pacheco, and Vision and its clients on the basis of disability in the full and equal enjoyment of its goods, services, facilities, privileges, advantages, and accommodations, in violation of title III of the ADA, 42 USC § 12182, and its implementing regulation at 28 C.F.R. Part 36.

47. Mr. Anderson, Mr. Pacheco, and Vision and its clients are not able to enjoy the services, facilities, privileges, advantages, or accommodations of The Franklin Institute on an equal basis with other visitors because Defendant requires them to pay twice as much as

non-disabled visitors to receive the same benefit. Defendant violates 42 USC § 12182(b)(1)(A)(i)-(ii), and its implementing regulation at 28 C.F.R. § 36.202.

**Count II** - Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181-12189 – Reasonable Modifications

48. The allegations of the preceding paragraphs are hereby re-alleged and incorporated by reference as if fully stated herein.

49. Defendant The Franklin Institute discriminates against Mr. Anderson, Mr. Pacheco, and Vision and its clients on the basis of disability in the full and equal enjoyment of its goods, services, facilities, privileges, advantages, and accommodations, in violation of title III of the ADA, 42 USC § 12182, and its implementing regulation at 28 C.F.R. Part 36.

50. The reasonable modification called for in this case is not charging a separate admission to the attendants for Mr. Anderson, Mr. Pacheco, and Vision and tis clients. The Defendant's violations of Title III include, but are not limited to failing to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, in violation of 42 U.S.C. § 12182(b)(2)(A)(ii), and its implementing regulation at 28 C.F.R. § 36.302.

**Count III** - Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181-12189 – Methods of Administration

51. The allegations of the preceding paragraphs are hereby re-alleged and incorporated by reference as if fully stated herein.

52. Defendant The Franklin Institute discriminates against Mr. Anderson, Mr. Pacheco, and Vision and its clients in utilizing standards, criteria or methods of administration that have the effect of discriminating on the basis of disability, in violation of title III of the ADA, 42 USC § 12182(b)(1)(D), and its implementing regulation at 28 C.F.R. § 36.204.

**Count IV** - Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181-12189 – Auxiliary Aides

53. The allegations of the preceding paragraphs are hereby re-alleged and incorporated by reference as if fully stated herein.

54. Defendant The Franklin Institute discriminates against Mr. Anderson, Mr. Pacheco, and Vision and its clients in failing to take steps that are necessary to ensure that no individual with a disability is excluded, denied services or otherwise treated differently because of the absence of auxiliary aides and services, in violation of title III of the ADA, 42 USC § 12182(b)(2)(A)(iii), and its implementing regulation at 28 C.F.R. § 36.303.

55. Permitting Mr. Anderson, Mr. Pacheco, and Vision and its clients to gain admission without requiring a separate admission payment for their personal attendant would not fundamentally alter the nature of The Franklin Institute's goods, services, facilities, privileges, advantages, or accommodations being offered and would not result in an undue burden, because it will not result in a significant difficulty or expense for The Franklin Institute.

**WHEREFORE**, Plaintiffs pray that this Court:

a) Grant judgment in favor of the Plaintiffs and declare that the Defendant has violated title III of the ADA. 42 U.S.C. §§ 12181-12189, and their implementing regulation, 28 C.F.R. Part 36 by requiring the payment of separate admission fees for personal

attendants who are necessary to provide personal assistance services to individuals with disabilities;

b) Enjoin the Defendant, its officers, agents, and employees, and all other persons in active concert or participation with the Defendant, from discriminating against individuals with disabilities by requiring the payment of admission fees for personal attendants who are necessary to provide personal assistance services to individuals with disabilities;

c) Order the Defendant to modify policies, practices, or procedures where necessary to afford individuals with disabilities a full and equal opportunity to participate in and benefit from Defendant's services, including admission without payment of fees for personal attendants who are necessary to provide personal assistance services to individuals with disabilities;

d) Order the Defendant to develop and implement policies and procedures to provide the full and equal enjoyment of its facilities and services to individuals with disabilities including admission without payment of fees for personal attendants who are necessary to provide personal assistance services to individuals with disabilities;

e) Order the Defendant to design and implement appropriate staff training programs to ensure that all personnel affiliated with Defendant who have contact with members of the public (whether employees or independent contractors) are knowledgeable about the policies related to the provision of goods and services to persons with disabilities including admission of personal attendants without payment of admission fees;

f) Award appropriate attorney's fees pursuant to 42 U.S.C. § 12205; and

g) Order such additional and further relief as the interests of justice may require.

Respectfully submitted this 16th day of September, 2013.

/s/ Stephen F. Gold

Stephen F. Gold
Pa. Bar No. 09880
Stevegoldada1@gmail.com
1709 Benjamin Franklin Pkwy
Second Floor
Philadelphia, PA. 19103
(215)627-7100, ext 227
Fax (215) 627-3183

ATTORNEY FOR PLAINTIFFS