IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL ANDERSON; JOEL PACHECO, by his parents and guardians, ANA and EMILIO PACHECO and VISION FOR EQUALITY, a non-profit corporation, <br><br> *Plaintiffs* <br><br> v. <br><br> THE FRANKLIN INSTITUTE, <br><br> *Defendant.* | Civil Action No. 13-5374 |

**DEFENDANT THE FRANKLIN INSTITUTE'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendant THE FRANKLIN INSTITUTE ("Defendant" or "Franklin Institute") respectfully submits this Memorandum of Law in support of its Motion to Dismiss Plaintiffs' Complaint.

I.   **INTRODUCTION**

Plaintiffs, who are disabled, allege violations of Title III of the Americans with Disabilities Act (the "ADA") and its implementing regulations, 28 C.F.R. Part 36, because their "personal attendants" are required to pay admission to the Franklin Institute.  *See* Complaint ("Compl.") at ¶¶ 4-5.  Despite Plaintiffs' attempts to fashion a cause of action where one does not exist, Franklin Institute is not required ─ *and Plaintiffs have not cited to any authority* ─ under the ADA, its implementing regulations, the Department of Justice ("DOJ"), or any other agency guidance, to provide Plaintiffs' personal attendants, companions, or any accompanying individuals with complimentary, or even discounted, admission.  Rather, DOJ guidance on ticket sales *explicitly* states that individuals are expected to purchase tickets for their companions.  *See* Guidance on Ticket Sales, U.S. D.O.J. Civil Rights Division, printout attached hereto as Exhibit

1

("Exh.") A, p. 4.  Accordingly, pursuant to Federal Rule of Civil Procedure 12(b)(6), Franklin Institute respectfully requests that this Court dismiss Plaintiffs' Complaint because Plaintiffs have failed to state a claim under the ADA.

## II.     RELEVANT FACTUAL BACKGROUND[1]

In their Complaint, Plaintiffs allege violations of the ADA and its implementing regulations, 28 C.F.R. Part 36, because they are required to pay admission to the Franklin Institute for both themselves and accompanying "personal attendants."  *See* Compl. at ¶¶ 4-5.  Specifically, Plaintiff Michael Anderson alleges that he is wrongfully required to pay admission for his personal attendant to enter the Franklin Institute in violation of the ADA.  *See* Compl. at ¶¶ 26, 28.  Plaintiff Joel Pacheco contends that for several years he paid for a dual membership for both "himself and a guest," but renewed his membership in April 2013 only for himself.  Compl. at ¶ 39.  Plaintiffs Anderson, Pacheco and Vision for Equality ("Vision") seek declaratory and injunctive relief, including "admission without payment of fees for personal attendants to individuals with disabilities."  Compl. at ¶ 6; unnumbered WHEREFORE clause after ¶55 at ¶ (c).

Notably, Plaintiffs have not alleged that Franklin Institute prohibits them from entering its facility, denies them access to its facility, or otherwise impedes them from enjoying its exhibits and services.  Indeed, Plaintiffs' own allegations demonstrate that they enjoy access to the Franklin Institute and that they regularly visit and enjoy the goods and services offered there. *See, e.g.,* Compl. at ¶¶ 3; 25, 39 ("Plaintiffs pay Defendant's admission, the same as nondisabled individuals"; "Plaintiff Anderson has visited the Franklin Institute on numerous occasions";

---

[1] This factual recitation is based solely on the allegations of the Complaint, many of which Franklin Institute denies but accepts, as it must, solely for purposes of this Motion, even though during much of the relevant time period at least one of the Plaintiffs purchased a dual membership pass that allowed both the Plaintiff and a companion to visit the Franklin Institute.

"[Pacheco] has been to the Franklin Institute and likes both the interactive and moving exhibits"). Instead, Plaintiffs have alleged solely that they are unable to enjoy the services offered by the Franklin Institute because they are required to pay for their own admission and the admission of any other person with them – *like every other patron* – including any companion or personal attendant who accompanies them. *See, e.g.,* Compl. at ¶ 47 (emphasis added).

Because Franklin Institute is not required under the ADA, its implementing regulations, or any guidance from the DOJ, the implementing agency, to provide Plaintiffs' personal attendants, companions, or accompanying individuals with complimentary, or even discounted, admission, Plaintiffs have failed to state a claim and any amendment to their Complaint would be futile. Accordingly, this Court should dismiss Plaintiffs' Complaint with prejudice.

**III.   STANDARD OF REVIEW**

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court may not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions as a basis to proceed. *See Gen'l Motors Corp. v. New A.C. Chevrolet, Inc.*, 263 F.3d 296, 333 (3d Cir. 2001) ("While facts must be accepted as alleged, this does not automatically extend to bald assertions, subjective characterizations, or legal conclusions.") (citations omitted). Rather, a plaintiff opposing a motion to dismiss must *affirmatively* provide the grounds for his entitlement to relief, and he must do so with more than blanket assertions or mere recitations of the elements of his causes of action. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (emphasis added).

In *Twombly*, the Supreme Court required that a plaintiff allege "enough facts to state a claim to relief that is plausible on its face," and held that if a plaintiff's allegations do not bring his "claims across the line from conceivable to plausible, [his] complaint must be dismissed." 127 S. Ct. at 1974. Even accepting the truth of Plaintiffs' factual allegations, their Complaint

3

fails to state a claim for violations of the ADA because unlike Plaintiffs' bald assertions, agency guidance has explicitly stated that there is no requirement that a public accommodation provide free admission to a personal attendant. Thus, where, as here, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court," and the Complaint should be dismissed. *Id.* at 1966.

IV. **MEMORANDUM OF LAW**

    A. **Plaintiffs' Entire Complaint Must Be Dismissed For Failure to State a *Prima Facie* Case Under Title III of the ADA.**

To state a claim of disability discrimination under Title III of the ADA, "a plaintiff must show (1) discrimination on the basis of a disability; (2) in the full and equal enjoyment of goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation; (3) by the public accommodation's owner, lessor or operator." *Harty v. Burlington Coat Factory of Pennsylvania, L.L.C.*, CIV.A. 11-01923, 2011 WL 2415169, at *9 (E.D. Pa. June 16, 2011). It is clear from the face of Plaintiffs' Complaint that none of the requirements for a *prima facie* case under Title III have been met here; specifically, it is not discrimination nor is it a denial of the full and equal enjoyment of the privilege of visiting the Franklin Institute as defined by the ADA and its implementing regulations to require every individual to purchase an admission ticket to enter the facility, whether they are a patron of the museum, a paid companion, a personal attendant, a parent accompanying a minor child, or a tour guide who is there for professional reasons only.

        1. **Plaintiffs Were Not Discriminated Against in Violation of the ADA**

Here, Plaintiffs' claims fail as a matter of law because they cannot demonstrate that they were discriminated against by the Franklin Institute in violation of the ADA because it does not

4

provide free admission to the paid companions of disabled patrons, the sole basis of their Complaint. As Plaintiffs' own allegations show, Plaintiffs have visited the facility multiple times. *See* Comp. at ¶ 24 ("Plaintiff Anderson has visited The Franklin Institute on numerous occasions."); ¶ 39 ("[Pacheco] recently renewed his membership in April, 2013."). Notably, Plaintiffs do not allege that they were denied admission or required to pay a surcharge because they are disabled, which they were not. Rather, Plaintiffs' claim is premised on the fact that each person *who accompanies them* to the Franklin Institute must purchase an admission ticket and that those individuals' "only purpose" is to assist them with enjoying the goods and services the Franklin Institute offers.

Inherent in the sole, narrow issue upon which the Complaint is based ─ that any disabled individual "who requires personal assistance services" should be allowed free admission for any companion accompanying them ─ "is a presumption that disabled patrons are entitled to a benefit which exceeds that available to the general public." *Access Now, Inc. v. So. Fla. Stadium Corp.*, 161 F. Supp. 2d 1357, 1367 (S.D. Fla. 2001) (granting defendant's motion for summary judgment because "[t]he Act does not require a facility to afford a disabled guest a greater opportunity to purchase seats than his able-bodied counterpart"); *see also Louie v. Nat'l Football League*, 185 F. Supp. 2d 1306, 1309 (S.D. Fla. 2002) (noting that "the ADA does not require the NFL to provide [the plaintiff] or other disabled individuals a ticket to the Super Bowl due to their disabled status, rather, the ADA prohibits the NFL from denying [the plaintiff] and other disabled individuals an opportunity to obtain a Super Bowl ticket"); *Independent Living Resources v. Oregon Arena Corp.*, 1 F. Supp. 2d 1159, 1170 (D. Or. 1998) (disabled customers do not have a special right under the ADA to purchase tickets for events if comparable tickets would not be available to non-disabled customers). Plaintiffs conveniently omit that a

nondisabled person may require similar assistance ─ for instance, a minor's parent would still be required to purchase a ticket even if they were only supervising the minor, and an individual accompanying someone with a broken leg and assisting them through the exhibits would also be required to purchase a ticket.  Plaintiffs' "failure to demonstrate that Defendant[] refused to provide [them] access *because of [their] disability* is fatal to [their] claim of discrimination . . . ." *Access Now,* 161 F. Supp. 2d at 1367.

### 2. The ADA Does Not Require Free Admission for Companions

While Plaintiffs adamantly claim that Franklin Institute must provide free admission to their personal attendants under Title III ─ *the ADA contains no such requirement* - nor do Plaintiffs cite to any specific provision that is directly applicable here in the Complaint.  Time and again, courts – including this one ─ have mandated that statutory interpretation "begin[s] with the text of the statute." *United States v. Casile*, CRIM. 09-668, 2011 WL 1755701 (E.D. Pa. May 9, 2011) *aff'd*, 490 F. App'x 470 (3d Cir. 2012)(citing *Kasten v. Saint–Gobain Performance Plastics Corp.,* 131 S. Ct. 1325, 1331, (2011); *see also Hartford Underwriters Ins. Co. v. Union Planters Bank, N. A.,* 530 U.S. 1, 6 (2000) (quoting *Conn. Nat. Bank v. Germain,* 503 U.S. 249, 254, (1992)) ("[W]e begin with the understanding that Congress 'says in a statute what it means and means in a statute what it says there.'")).  A court will not "read additional requirements into the text where the statute is silent." *Id.*  Moreover, a thorough search of federal case law shows that not one court has required a public accommodation under Title III to allow paid attendants or companions of disabled individuals to enter their facilities for free when an admission fee is charged to all.

More specifically, in Count I, Plaintiffs allege that Franklin Institute violated the ADA because it denied Plaintiffs' benefits and/or somehow provided separate benefits by requiring them to pay admission for both themselves and the individual accompanying them under the

statute's "equal opportunity provision". *See* 42 U.S.C. § 12182(b)(1)(A)(i)-(ii); *see* Compl. at ¶ 47. Section 12182(b)(1)(A)(i) prohibits denying disabled individuals with opportunities to participate in, or benefit from, goods, services, facilities, privileges, advantages, or accommodations of an entity. *See* 42 U.S.C. § 12182(b)(1)(A)(i). Moreover, section 12182(b)(1)(A)(ii) prohibits providing disabled individuals with opportunities to participate in, or benefit from, goods, services, facilities, privileges, advantages, or accommodations that are not equal to those afforded to non-disabled people. *See* 42 U.S.C. § 12182(b)(1)(A)(ii).

However, *Plaintiffs were not denied access to any goods or services that Franklin Institute provides to non-disabled patrons.* Rather, Plaintiffs were permitted to enter the Franklin Institute if they – like all patrons – paid the admission fee. Several courts have explained what constitutes a separate and/or unequal benefit that rises to the level of discrimination under Title III:

> Title III requires all places of public accommodation to have access to the physical environment of the accommodation. In other words, Defendants may not refuse Plaintiffs access to any portion of their theaters or refuse Plaintiffs the right to watch any film that Defendants are showing in their theaters. However, Title III does not require Defendants to provide additional access to Plaintiffs to accommodate their disability, such as providing Plaintiffs with a separate theater that is equipped solely for the use of individuals with hearing loss. Plaintiffs are merely entitled to use Defendants' theaters to the same extent as hearing individuals. They may buy a ticket for a film shown by Defendants and sit in the same theater to watch the same movie shown to hearing individuals.

*Cornilles* v. *Regal Cinemas, Inc.,* No. 00-173, 2002 U.S. Dist. LEXIS 7025, at *8 (D. Or. Jan. 3, 2002) (granting defendant's motion for summary judgment because closed captioning was not required under the ADA, the regulations implementing Title III, or guidance promulgated in a House Report). Similarly, Franklin Institute is not required to provide additional access to Plaintiffs in the form of free admission for any individual accompanying them. Because Plaintiffs are permitted to use the facilities to the same extent as non-disabled individuals – by

7

purchasing a ticket for their entry and the entry of any individual accompanying them – Plaintiffs have failed to state a claim for violation of Title III.

### 3. DOJ Regulations Do Not Require Free Admission to Paid Companions

Similarly, regulations and guidance promulgated by the DOJ, whose "views are entitled to deference" as the "agency directed by Congress to issue implementing regulations, *see* 42 U.S.C. § 12186(b), to render technical assistance explaining the responsibilities of covered individuals and institutions, § 12206(c), and to enforce Title III in court, § 12188(b)" *also contains no such requirement. Bragdon v. Abbott*, 524 U.S. 624, 646 (1998) (emphasis added).

To the contrary, recent DOJ guidance on the nondiscrimination requirements that apply to ticket sales *explicitly* states that individuals are expected to purchase tickets for their companions. *See* Exh. A, p. 4. Among several issues addressed in the July 2011 DOJ guidance regarding ticket sales, the DOJ advised that "[p]eople purchasing a ticket for an accessible seat may *purchase* up to three additional seats for their companions in the same row." *Id.* (emphasis added). Notably, while the DOJ addressed the ADA's nondiscrimination requirements regarding ticket sales, ticket prices, the identification of available accessible seating, purchasing multiple tickets for companions, ticket transfer, the secondary ticket market, the hold and release of tickets for accessible seating, and the prevention of fraud in the purchase of tickets for accessible seating, *it did not impose a requirement that a public accommodation provide discounted – much less complimentary – entrance, admission, or fare for a personal attendant or companion.*[2] Accordingly, the plain language of the DOJ's guidance highlights that Plaintiffs' claims are insufficient as a matter of law because Franklin Institute is not required under the ADA to

---

[2]If the DOJ, or any interpreting agency, had wanted to draft a regulation or statutory requirement waving admission fees into public accommodations for personal attendants, it clearly knows how to do so ─ as it did for paratransit service ─ but instead chose not to. *See* 49 C.F.R. § 37.131(c)(3)("A personal care attendant shall not be charged for complementary paratransit service.").

8

provide complimentary admission to personal attendants, companions, or any accompanying individual. Thus, Plaintiffs' entire Complaint should be dismissed with prejudice.

### B. Because there has been No ADA Violation, Plaintiffs Are Not Entitled to Any Reasonable Modifications

Because the Franklin Institute's actions are not discriminatory under Title III, Plaintiffs are not entitled to a reasonable modification of that policy as pled in Count II.[3] *See, e.g., Doe v. Haverford Sch.*, CIV.A. 03-3989, 2003 WL 22097782 (E.D. Pa. Aug. 5, 2003) ("Title III of the ADA does not impose a general duty on places of public accommodation to provide all reasonable modifications that a plaintiff requests."); *Cornilles* v. *Regal Cinemas, Inc.,* No. 00-173, 2002 U.S. Dist. LEXIS 7025, at *15 (D. Or. Jan. 3, 2002) (denying request for reasonable modification and relying on a House Report providing guidance on the ADA to determine that "Congress did not intend for the ADA to require open captioning of all feature films shown in movie theaters"). Accordingly, because Plaintiffs have demanded injunctive relief that is not required by any of the relevant statutory language, exceeds the mandates of the ADA, exceeds the regulations issued by the DOJ, and is expressly contradicted by similar guidance, Plaintiffs' claim should be dismissed as on these grounds as well. *See Disabled in Action of Pa. v. Nat'l Passenger R.R. Corp.*, 418 F. Supp. 2d 652, 658 (E.D. Pa. 2005) (granting summary judgment to defendant and holding that "nothing in either Part A or Part B of Title II or its regulations requires Amtrak to provide the accommodations requested by the plaintiffs that exceed the mandate of Part B").

---

[3] Franklin Institute also contests that allowing paid companions of disabled individuals free admission would be a reasonable modification as it would be administratively untenable in addition to causing the non-profit institution undue hardship.

### C. Plaintiffs Have Failed To State A Claim for Violation of Title III's Methods of Administration and Auxiliary Aids Provisions

Similarly, Count III alleges that Franklin Institute uses "standards, criteria or methods of administration that have the effect of discriminating on the basis of disability." Compl. at ¶ 52. As discussed in detail above, Franklin Institute's policy of requiring each individual to pay for admission has not denied Plaintiffs access to any goods or services that Franklin Institute provides to non-disabled patrons. Rather, Plaintiffs and any accompanying companions have been permitted to enter the Franklin Institute if they – like all patrons – pay the admission fee.

### D. The ADA's Auxiliary Aid Provision Does Not Mandate Free Admission for Plaintiffs' Companions

Finally, in an attempt to salvage their claim, Plaintiffs have alleged that Franklin Institute has violated the ADA's auxiliary aid provision, which provides that an individual with a disability not be "excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids or services." 42 U.S.C. § 12182(b)(2)(A)(iii)[4]. Because ─ in contravention of the federal pleading requirements ─ Plaintiffs fail to even *identify* the auxiliary aids or services they require or were denied,[5] it is assumed that Plaintiffs are analogizing their personal attendants to auxiliary aids and perhaps even proposing that Franklin Institute provide a personal attendant to accompany them throughout the museum. Despite Plaintiffs' conclusory allegations and misguided attempts to create a claim where there simply is none, the auxiliary aid provision is inapplicable to Plaintiffs here as well as "[a]uxiliary aids and services include a wide range of services and devices for

---

[4] In Count IV of their Complaint, Plaintiffs incorrectly refer to "auxiliary *aides*" instead of "auxiliary *aids*." It is assumed that this is merely a clerical error and not an attempt to mischaracterize the actual language and terms used in this provision of the ADA.

[5] Plaintiffs do not allege or identify what auxiliary aid or service they have been denied, merely stating that "Defendant The Franklin Institute discriminates against Mr. Anderson, Mr. Pacheco, and Vision and its clients in failing to take steps that are necessary to ensure that no individual with a disability is excluded, denied services or otherwise treated differently because of the absence of auxiliary aids and services." Compl. at ¶ 54.

10

*ensuring effective communication.*" *Majocha v. Turner*, 166 F. Supp. 2d 316, 321 (W.D. Pa. 2001) (citing Attorney General's Report, July 26, 1991, 56 Fed. Reg. at 35565–67) (emphasis added). In their Complaint, Plaintiffs do not allege that they require an auxiliary aid such as an interpreter, assistive listening device, or Braille materials to ensure effective communication, and instead appear to assume that a "personal attendant" ─ which Plaintiffs have not defined in their Complaint and could include a myriad of individuals performing a variety of services ─ constitutes an "auxiliary aid or service." This bald, unsupported assertion completely disregards the regulatory definition of auxiliary aids.[6] Moreover, any claim by Plaintiffs that Franklin Institute must provide them with a personal attendant or any services of a personal nature similarly fails because again, this demand is clearly not required by the ADA or its implementing regulations. *See* 28 C.F.R. § 36.306 ("This part does not require a public accommodation to provide its customers, clients, or participants with personal devices, such as wheelchairs; individually prescribed devices, such as prescription eyeglasses or hearing aids; or services of a personal nature including assistance in eating, toileting, or dressing."). Thus, because Plaintiffs have not alleged (1) that they require an auxiliary aid to assist them with effective communication; and (2) that Franklin Institute has refused to provide an auxiliary aid upon their entrance to the facility, Plaintiffs' claim under Count IV fails as a matter of law on this ground as well.

---

[6] The ADA's implementing regulations have explicitly defined auxiliary aids and services as: "(1) Qualified interpreters on-site or through video remote interpreting (VRI) services; notetakers; real-time computer-aided transcription services; written materials; exchange of written notes; telephone handset amplifiers; assistive listening devices; assistive listening systems; telephones compatible with hearing aids; closed caption decoders; open and closed captioning, including real-time captioning; voice, text, and video-based telecommunications products and systems, including text telephones (TTYs), videophones, and captioned telephones, or equally effective telecommunications devices; videotext displays; accessible electronic and information technology; or other effective methods of making aurally delivered information available to individuals who are deaf or hard of hearing; (2) Qualified readers; taped texts; audio recordings; Brailled materials and displays; screen reader software; magnification software; optical readers; secondary auditory programs (SAP); large print materials; accessible electronic and information technology; or other effective methods of making visually delivered materials available to individuals who are blind or have low vision; (3) Acquisition or modification of equipment or devices; and (4) Other similar services and actions." 28 C.F.R. § 36.303(b).

**V.    CONCLUSION**

Accordingly, because Franklin Institute is not required under the ADA, its implementing regulations, the DOJ, or any other agency guidance to provide Plaintiffs' personal attendants, companions, or accompanying individuals with complimentary, or even discounted, admission, Plaintiffs' have failed to state a claim as a matter of law.  Any amendment by Plaintiffs with respect to these claims would be futile. Thus, Franklin Institute respectfully requests that this Court dismiss all of Plaintiffs' claims against it with prejudice and award Franklin Institute its reasonable costs and attorneys' fees incurred in defending this action.

Dated:  November 22, 2013                                              Respectfully submitted,

*s/Anne Marie Estevez*
Anne Marie Estevez
Admitted *Pro Hac Vice*
Fla. Bar No. 991694
E-Mail: aestevez@morganlewis.com
Beth S. Joseph
Admitted *Pro Hac Vice*
Fla. Bar No. 0062952
E-Mail: bjoseph@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
200 South Biscayne Boulevard, S-5300
Miami, FL 33131-2339
Tel.: 305.415.3330
Fax: 305.415.3000

Cailin Heilig
(I.D. No. 309894)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19102
Tel:  215.963.5546
Fax: 215.963.5001
E-mail: cheilig@morganlewis.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I, Anne Marie Estevez, hereby certify that a true and correct copy of the foregoing was filed electronically and is available for viewing and downloading from the ECF system of the U.S. District Court for the Eastern District of Pennsylvania, and that I served the same via electronic filing on November 22, 2013 upon the following:

Stephen F. Gold, Esq.<br>
(I.D. No. 09880)<br>
1709 Benjamin Franklin Institute Pkwy<br>
Second Floor<br>
Philadelphia, PA  19103<br>
Tel:  215.627.7100 ext. 227<br>
Fax:  215.627.3183<br>
E-mail:  Stevegoldadal@gmail.com

<u>s/Anne Marie Estevez</u><br>
Anne Marie Estevez